IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JAN 22  P 2: 04

CLERK _____
SO. DIST. OF GA.

WILLIE CASANOVA MOORE,          )
                                )
         Plaintiff,             )
                                )
    v.                          )    CIVIL ACTION NO.: CV607-003
                                )
JASON A. CRAIG AND ASSOCIATES,  )
Attorney at Law,                )
                                )
         Defendants.            )

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Utah State Prison in Draper, Utah, has submitted to the Court for filing a complaint and an application seeking to proceed *in forma pauperis*.

Plaintiff seeks to file his complaint under 42 U.S.C. § 1983. He alleges that Jason A. Craig, an attorney in Vidalia, Georgia, represented him when he was involved in an automobile accident in June 2003. Plaintiff states that he has requested certain information, such as the name of the other driver's insurance company and a copy of the accident report. from Defendant Craig. Craig, Plaintiff alleges, never responded to his requests. Plaintiff seeks an order directing Defendant to provide said copies and information to him and a "nominal injunction" for "denying (his) rights."

A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the

AO 72A
(Rev. 8/82)

United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). 42 U.S.C. § 1983 provides a remedy for violations of a person's constitutional rights by a defendant who acts under color of state law, *i.e.*, a "state actor." A successful section 1983 action requires a showing that the conduct complained of was committed by a person acting under color of state law. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff has failed to show that Defendant was a state actor at the time of the alleged incident.

Plaintiff has made no showing of an alleged violation of his constitutional rights. Accordingly, Plaintiff application to proceed *in forma pauperis* is **DENIED**. Furthermore, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim for relief under 42 U.S.C. § 1983.

So **ORDERED** and **REPORTED** and **RECOMMENDED**, this 22nd day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev. 8/82)