UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIE CASANOVA MOORE,

    Plaintiff,

v.                    607CV003

JASON A. CRAIG AND ASSOCIATES,
Attorney at Law,

    Defendant.

## ORDER

Upset with the handling of his 2003 car-accident case, inmate-plaintiff Willie Casanova Moore filed this 42 U.S.C. § 1983 action against the lawyer he hired to handle it -- Jason A. Craig. Doc. # 1. This Court dismissed Moore's case as 28 U.S.C. § 1915A(b)(1)-frivolous because § 1983 requires the defendant to be a State actor and private attorneys like Craig are not.[1] Doc. ## 3, 6, 7.

Moore appealed, but his Notice of Appeal (NOA) is docketed on 7/6/07, doc. # 8 (showing no Certificate of Service or indication when he placed it in his prison's mail system), and this Court entered its dismissal judgment on 2/22/207. Doc. # 7. The NOA was thus docketed well beyond the 30 days F.R.App.P. 4(a)(1)(A) allows for an appeal.

Of course, the "timely filing of [an NOA] is a mandatory prerequisite to the exercise of appellate jurisdiction." *U.S. v. Grant*, 256 F.3d 1146, 1150 (11th Cir. 2001). Thus, the Eleventh Circuit has remanded Moore's appeal to this Court "for the limited purpose of determining when Appellant's notice of appeal, which was docketed on [7/6/07], was delivered to prison officials for forwarding to the district court." Doc. # 10 at 1 (explaining that inmates "file" their NOA upon delivery to prison officials).

Accordingly, the Eleventh Circuit's Order (doc. #10) is made the Order of this Court, and this matter is **REFERRED** to the Magistrate Judge to resolve that issue.

This 15 day of August, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] As one court recently explained:

> [P]rivate attorneys ... do not act under color of state law for purposes of § 1983. *Smith v. Hilltop Basic Res., Inc.*, 99 F. App'x 644, 646 (6th Cir.2004); *Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir.2003) ("Here, the defendant attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation."); *Otworth v. Vaderploeg*, 61 F. App'x 163, 165 (6th Cir.2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir.1998); *see Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C.Cir.1979) (applying *Polk County* to retained criminal lawyers).

*Collins v. First Tennessee Bank*, 2007 WL 896085 at *2 (W.D.Tenn. 3/22/07) (unpublished).